*E-FILED - 1/15/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR M. BETANCOURT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SAN BRUNO COUNTY JAIL<br>FACILITY COMMANDER,<br><br>　　　　Defendant. | No. C 07-0620 RMW (PR)<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION<br>FOR SUMMARY JUDGMENT<br><br>(Docket No. 20) |

　　　　Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Facility Commander of the San Francisco County Jail in San Bruno, California ("Facility Commander"),[1] alleging that while he was incarcerated at the jail,[2] his upper dentures were lost and not replaced for approximately 17 months.  The court found the complaint, when liberally construed, stated a cognizable claim for relief and ordered it served upon defendant.  Defendant has filed a motion for summary judgment. Although given an opportunity to do so, plaintiff did not file an opposition.

---

　　[1]The Facility Commander is not identified by name in the complaint.  At the time of the events alleged by plaintiff, the Facility Commander was Captain Richard Dyer, who has filed a declaration in support of the present motion for summary judgment.

　　[2]Plaintiff is no longer incarcerated.

G:\PRO-SE\SJ.Rmw\CR.07\Betancourt620msjgrant.wpd   1

## BACKGROUND[3]

On approximately July 8, 2005, plaintiff, at that time an inmate in the San Francisco County Jail in San Bruno, discovered that his upper dentures had been lost or destroyed. (Complaint, "Statement of Claim," at 1.) According to plaintiff's medical records, he reported to the loss of dentures to the jail dental department on October 6, 2005, and dental staff informed him that it could not provide dentures to inmates. (Goldenson Decl. at ¶ 7.) Approximately six months later, Naomi Willis, a representative of the San Francisco City Attorney's Office, spoke with plaintiff and agreed to send money to the dental department at the jail in order to replace his dentures. (Complaint, "Statement of Claim," at 1.) On April 28, 2006, Ms. Willis wrote plaintiff a letter stating that his dentures would be replaced if he presented the letter to the jail dental department. (Willis Decl. Ex. B.) On May 25, 2006, plaintiff presented the letter to dental department, and Dr. Gomez told plaintiff he would consult with the medical director about getting them. (Goldenson Decl. ¶ 15.) On follow-up visits in June and July, plaintiff did not receive dentures and he was informed that they were being handled by the City Attorney's Office. (Id. at ¶¶ 17-18.) On August 1, 2006, plaintiff was transferred to San Quentin State Prison. (Complaint, "Statement of Claim," at 1.) He called Ms. Willis from San Quentin, and she stated that he should contact her upon his release from prison in April 2007, and the City of San Francisco would pay to replaced his dentures at a dentist of his choice. (Id.; Willis Decl. ¶ 5.) As of January 17, 2007, plaintiff had not received the dentures, and he alleges that without them he cannot eat "most solid foods" and has to be on a liquid diet. (Id. at 2.)

## DISCUSSION

A. <u>Standard of Review</u>

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are

---

[3]Except where noted, this background is not disputed by the parties.

those which may affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  It is not the task of the court to scour the record in search of a genuine issue of triable fact.  Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment.  Id.  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law."  Celotex Corp v. Catrett, 477 U.S. at 323.

As there has been no opposition or evidence filed by plaintiff, the court has treated his verified complaint as an opposing affidavit under Rule 56 to the extent it is based on personal knowledge and sets forth specific facts admissible in evidence.  See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

B.   Plaintiff's Claim

As noted above, plaintiff only names one defendant in his complaint, the Facility

1  Commander of the San Bruno jail.  There is no evidence, however, that the Facility
2  Commander had any involvement in the loss or damage to plaintiff's dentures, or the
3  failure to replace them.  Liability may be imposed on an individual defendant under
4  section 1983 if the plaintiff can show that the defendant proximately caused the
5  deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th
6  Cir. 1988).  A person deprives another of a constitutional right within the meaning of
7  section 1983 if he does an affirmative act, participates in another's affirmative act or
8  omits to perform an act which he is legally required to do, that causes the deprivation of
9  which the plaintiff complains.  Id. at 633.  Either personal involvement or integral
10 participation of the defendant in the alleged constitutional violation is required before
11 liability may be imposed.  See Torres v. City of Los Angeles, No. 06-55817, slip op.
12 15339, 15351-52 (9th Cir. Nov. 13, 2008).
13       Where, as here, the defendant is a supervisor, liability under section 1983 may be
14 imposed only upon a showing of (1) personal involvement in the constitutional
15 deprivation or (2) a sufficient causal connection between the supervisor's wrongful
16 conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d
17 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally
18 "is only liable for constitutional violations of his subordinates if the supervisor
19 participated in or directed the violations, or knew of the violations and failed to act to
20 prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Under no
21 circumstances is there respondeat superior liability under section 1983, or, in layman's
22 terms, under no circumstances is there liability under section 1983 solely because one is
23 responsible for the actions or omissions of another.  See Taylor v. List, 880 F.2d 1040,
24 1045 (9th Cir. 1989).
25       Here, the Facility Commander has presented a declaration that he did not
26 personally participate in any of the actions relating to the loss of or failure to replace
27 plaintiff's dentures.  (Dyer Decl. ¶ 3.)  He also states that he did not supervise any of the
28 jail employees who were involved in the loss of or failure to replace plaintiff's dentures.

1  (Id.)  Plaintiff presents no allegations or evidence to the contrary.

2  Plaintiff's only allegation regarding the Facility Commander is that plaintiff "filed
3  an incident report regarding the loss or damage of my upper denture plate directed to the
4  Facility Commander."  (Complaint, "Statement of Claim," at 1.)  An administrator may
5  be liable for deliberate indifference to a medical need if he or she fails to respond to a
6  prisoner's request for help.  Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).  Here,
7  however, there is no evidence in support of plaintiff's allegation that a grievance about
8  the dentures was sent to the Facility Commander.  Plaintiff has attached several
9  grievances to his complaint, none of which indicate that they were presented to the
10 Facility Commander.  The Facility Commander states in his declaration that he received
11 no complaint or grievance from plaintiff regarding the dentures.  (Dyer Decl. ¶ 4-6.)
12 Further, defendant has also presented evidence that the jail's grievance procedures
13 provide that any complaint about medical issues, such as any grievance by plaintiff about
14 lost dentures, would not be reviewed by the Facility Commander, but rather would go
15 first to the Watch Commander and ultimately to the Department of Public Health Jail
16 Medical Head Nurse.  (Id. at ¶¶ 5, 7 & Ex. A.)  Thus, any "incident report" or other
17 grievance filed by plaintiff about his lost or broken dentures would not have been
18 reviewed by the Facility Commander, but rather by other jail officials.  Plaintiff has
19 presented no evidence that the Facility Commander, contrary to the ordinary procedures
20 at the jail, reviewed the "incident report" plaintiff allegedly filed or any other grievances
21 by plaintiff regarding his dentures.

22 In sum, there is no evidence that the Facility Commander was personally involved
23 in, directed the actions of any of the officials involved in, or knew about and failed to
24 remedy the problems plaintiff had with his dentures.  In the absence of any such
25 evidence, there is no genuine dispute of material fact that defendant proximately caused
26 the alleged violation of plaintiff's rights or can be held liable for any such violation.
27 Accordingly, defendant is entitled to summary judgment on plaintiff's claim.

28

1

## CONCLUSION

2    For the foregoing reasons, defendant's motion for summary judgment (Docket No.
3  16) is GRANTED.
4    The clerk shall terminate any pending motions, enter judgment and close the file.
5    IT IS SO ORDERED.
6  DATED: __1/13/09_____                    /s/ Ronald M. Whyte
                                               RONALD M. WHYTE
7                                              United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28